NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. SUTTON,<br><br>Petitioner,<br><br>vs.<br><br>R. GROUNDS, Warden,<br><br>Respondent. | No. C 10-02481 JF (PR)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY; DENYING MOTION FOR SUMMARY JUDGMENT<br><br>(Docket No. 14) |

Petitioner, a California inmate at the Correctional Training Facility in Soledad, seeks petition in pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the 2009 denial of parole by the Board of Parole Hearings (the "Board"). The Court found that the petition stated cognizable claims and ordered Respondent to show cause why the petition should not be granted. Respondent filed an answer addressing the merits of the petition, and Petitioner filed a traverse. For the reasons discussed below, Court concludes that Petitioner is not entitled to relief based on the claims presented and will deny the petition.

**BACKGROUND**

According to the petition, Petitioner was sentenced to 33 years to life in state

prison after a jury found him guilty of first degree murder with a firearm in Los Angeles County Superior Court. Petitioner challenges the Board's decision denying him parole after an initial parole suitability hearing on July 10, 2009. Petitioner filed habeas petitions in the state superior court, state appellate court, and the state supreme court, all of which were denied as of April 14, 2010. Petitioner filed the instant federal petition on May 14, 2010.[1]

**DISCUSSION**

As grounds for federal habeas relief, Petitioner alleges the following: 1) the Board failed to fix Petitioner's term as required by statute, violating his rights to due process and equal protection; 2) the Board's practice of denying parole in 99.25% of all initial parole suitability hearings constitutes an illegal "sub rose policy"; 3) "the Board articulated no nexus-evidence of current dangerousness or reasonable threat to public safety"; 4) Petitioner's decision not to discuss the facts of his commitment offense does not constitute "some evidence" to deny parole; 5) Petitioner has served his minimum sentence; 6) there was no evidence of any continued gang involvement to support the decision to deny parole; and 7) the state court's denial of his petition was improper because it was based on facts that were not articulated by the Board. (Pet. at 2-3.)

Respondent asserts that Petitioner is not entitled to federal habeas relief because he received all the procedural due process outlined in Greenholtz v. Inmates of the Neb. Penal & Corr. Complex, 442 U.S. 1 (1979). (Ans. at 6; Docket No. 4.) Respondent also argues on the merits that "some evidence" supports the Board's decision. (Id. at 7-8.)

Earlier this year, the United States Supreme Court determined that for the purposes of habeas federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. Swarthout v.

---

[1] The matter was transferred to this Court as having proper jurisdiction on June 2, 2010, from the United States District Court for the Southern District of California. (See Docket No. 3.)

Cooke, No. 10-333, slip op. 4-5 (U.S. Jan. 24, 2011). The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment are limited to an opportunity to be heard and a statement of the reasons why parole was denied. Id. Here, as Respondent correctly points out, Petitioner makes no allegation that the Board failed to provide at least these minimum procedural protections in its decision to deny parole; the Constitution does not require more. Id. at 5.

Whether the Board's decision was supported by some reliable evidence of current dangerousness is irrelevant in federal habeas. The Supreme Court has made clear that "it is no federal concern... whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." Id. at 6. In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, the petition fails to state a cognizable claim for relief.

## CONCLUSION

The Court concludes that Petitioner has failed to show a violation of his federal constitutional rights in the underlying state court proceedings and parole hearing. Accordingly, the petition for writ of habeas corpus is DENIED.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability ("COA") under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists" would find the district court's assessment of the constitution claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Petitioner's motion for summary judgment is DENIED as moot. (Docket No. 14.)

This order terminates Docket No. 14.

IT IS SO ORDERED.

Dated: 8/24/11

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MARK A SUTTON,

Petitioner,

v.

R GROUNDS, Warden,

Respondent.
_______________________________________/

Case Number: CV10-02481 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 8/31/11, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mark A Sutton E-20095
CTF Central
PO Box 689
Soledad, CA 93960

Dated: 8/31/11

Richard W. Wieking, Clerk